IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWIN RANDALL, | : |
| Petitioner, | : CIVIL NO. 4:CV-07-2151 |
| v. | : (Judge Jones) |
| Warden ROBERTO MARTINEZ, | : |
| Respondent. | : |

## MEMORANDUM

### January 30, 2008

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner Edwin Randall ("Petitioner" or "Randall"), an inmate presently confined at the Allenwood Low Security Federal Correctional Institution ("LSCI Allenwood") in White Deer, Pennsylvania, initiated this pro se Petition for Writ of Habeas Corpus ("the Petition") pursuant to 28 U.S.C. § 2241.

After exhausting his administrative remedies, Randall brought the instant Petition alleging Due Process violations in connection with a Bureau of Prisons ("BOP") disciplinary hearing, where he was found guilty of violating BOP Code 108, which prohibits the Possession, Manufacture, or Introduction of a Hazardous Tool. (See Rec. Doc. 2 at 40). As a result, the following sanctions were imposed by the Discipline Hearing Officer ("DHO"): loss of 40 days of good conduct time ("GCT");

disciplinary transfer; loss of commissary privileges for 180 days; and loss of telephone privileges for 180 days. Id. at 30-31. As relief, Randall seeks the expungement of incident report # 1530807 and restoration of "all sanctions." (See Rec. Doc. 1 at 8).

Prison officials represent that Randall's Petition is moot because on January 8, 2008, Warden Martinez directed the DHO at LSCI Allenwood to expunge incident report # 1530807 "[d]ue to procedural error."[1] (Rec. Docs. 11 at 2; 11-2 at 2, 5). Randall did not file a Reply.

Having considered the Petition and the Response, the Petition will be dismissed as moot. The case or controversy requirement of Article III, § 2 of the United States Constitution requires that there be a live and actual controversy through all stages of federal judicial proceedings. Spencer v. Kemna, 523 U.S. 1, 7 (1998). Consequently, a case should be dismissed as moot where "'developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or

---

[1] On January 11, 2008, L. Cunningham, the BOP Attorney who supervises the Legal Department that covers issues arising out of Allenwood, signed a Declaration in which he indicated that incident report # 1530807 had been expunged. (Rec. Doc. 11-2 at 2). Attached to his Declaration are copies of BOP SENTRY system printouts, entitled "Inmate Discipline Data-Chronological Disciplinary Record," for inmate Randall: the first is dated December 26, 2007, and shows incident report # 1530807 as part of his disciplinary record, and the second is dated January 11, 2008, and reveals that incident report has been removed. Id. at 2, 4-5. Also, DHO Cunningham declared that, on January 11, 2008, he contacted LSCI Allenwood staff, who confirmed that they had generated the necessary paperwork to restore Randall's GCT and privileges affected by incident report # 1530807. Id. at 2.

2

prevent a court from being able to grant the requested relief.'" Morris v. Nationalist Movement, 273 F.3d 527, 533 (3d Cir. 2001) (quoting Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996)). Here, Respondent expunged the incident report at issue from Petitioner's record and confirmed that the necessary paperwork was generated to ensure the restoration of Randall's GCT and other privileges affected by the incident report. Accordingly, the Petition is moot because no legal injury remains for this Court to remedy.

    An appropriate Order shall issue on today's date.